**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 07-cv-11865

BILLY COCKRUM,                     Sean F. Cox
                                                District Court Judge

        Defendant.

_____/

**<u>OPINION AND ORDER DENYING MOTION TO SET ASIDE JUDGMENT</u>**

Plaintiff Billy Cockrum ("Cockrum") defaulted on a student loan that he took out in 1987. The note was assigned to the Department of Education. The Government filed suit to collect the unpaid debt. On September 12, 2007, this Court entered Judgement in favor of the Government in the amount of $3,995.03, plus interest allowable under 28 U.S.C. § 1961. On March 29, 2013, the Government filed a Writ of Continuing Garnishment to collect the remaining balance due from Cockrum's account at Security Credit Union. Cockrum filed his claims of exemptions and a motion requesting a hearing and providing various objections to the garnishment. This Court held a hearing on May 13, 2013, to address Cockrum's exemptions and objections. Cockrum did not attend that hearing. Thereafter, after considering the parties briefs, this Court entered an order denying Cockrum's claims of exemptions and motion. Before the Court is Cockrum's Motion to Set Aside Judgment [Docket Entry No. 36].

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2),

1

U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided on the briefs.  For the reasons that follow, Cockrum's Motion to Set Aside Judgment [Docket Entry No. 36] is **DENIED**.

## BACKGROUND

On August 20, 1987, Cockrum signed a note for a student loan in the amount of $1,600 from West Side Auto Employees Federal Credit Union in Flint, Michigan.  (Docket Entry No. 1, at 3.) The loan was guaranteed by Michigan Higher Education Assistance Authority and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965. (*Id.*; Docket Entry No. 4, at 4.)  After Cockrum defaulted on the loan and the guarantor was unable to collect the amount due, the note was assigned to the Department of Education on March 11, 1994.  (Docket No. 1, at 3.)

On April 27, 2007, the Government filed its Complaint, requesting the amount due under the terms of the note–$3,995.03, representing the current principal balance of $1,666.78 plus interest in the amount of $2,328.25.  (Docket Entry No. 1, at 1.)

The Government filed a Motion for Summary Judgment, contending that Cockrum failed to submit any legal defenses to the indebtedness.  (Docket Entry No. 4.)  Cockrum filed no response to the Government's Motion for Summary Judgment.

On September 12, 2007, this Court granted the Government's Motion for Summary Judgment.  (Docket Entry No. 10.)  Thereafter, on the same day, this Court entered Judgment, holding that the Government "is entitled to Summary Judgment in this matter.  [The Government] . . . is therefore entitled to judgment in the amount of $3,995.03, plus interest allowable under 28 U.S.C. § 1961."  (Docket Entry No. 11.)

2

On March 29, 2013, the Government filed a Writ of Continuing Garnishment with Security Credit Union, asserting that Judgment has been entered against Cockrum in this action and there remains due and owing a balance of $2,125.51, including costs and interest. (Docket Entry No. 31.) Security Credit Union filed an Answer on April 8, 2013, asserting that it currently has custody of $2,125.51, of which Cockrum has an interest. (Docket Entry No. 26, at 3.)

On April 12, 2013, Cockrum filed Defendant's Request for Hearing about the Answer Filed by the Garnishee, requesting a hearing to resolve this matter and claiming that the funds at Security Trust were subject to (1) a personal property exemption under the Bankruptcy Code and (2) the homestead or residential property exemption. (Docket Entry No. 28, at 3, 5.)

Also on April 12, 2013, Cockrum filed an Objection to Garnishment. (Docket Entry No. 27.) In the Objection to Garnishment, Cockrum contends that (1) the Judgment amount is incorrect, (2) the parties have agreed to settle this matter for $1,000; (3) the seizure of the funds in his bank account results in an undue hardship; (4) the garnished amount exceeds the total amount due; and (5) the funds seized partially belong to his wife. (*Id.* at 1–2.) Finally, in his Objection to Garnishment, Cockrum requests that this Court "order a payment plan instead of the garnishment of the bank account which we have been willing to participate in for many years but which the plaintiff's att[or]ney has refused, culminating in this latest round of dishonest negotiations." (*Id.* at 3.)

April 15, 2013, the Government filed its response to Cockrum's objections, contending as follows:

> Plaintiff diligently sought to collect on the Judgment, seeking Writs of Garnishment for the Michigan Department of Treasury, Global Technologies and The Detroit Free Press, Inc. All totaled, these garnishments yielded to Plaintiff the sum of $2,753.00 from 2009 through 2012. Still, Defendant undertook no action to

3

make reasonable payment arrangements with Plaintiff, beyond a September 3, 2008 telephone call wherein he demanded a payment arrangement of $25.00 per month, and that he be permitted to 'consolidate' the debt with other student loans. When Defendant was advised defaulted student loans were ineligible for consolidation, and that Plaintiff could not accept a payment plan as low as $25.00 per month, Defendant became verbally abusive.

   Discovery recently conducted by Plaintiff revealed information leading Plaintiff to believe that Defendant maintained an account with Security Credit Union (the 'Credit Union'). Accordingly, Plaintiff served a Writ of Garnishment on the Credit Union and Defendant on April 3, 2013. The Credit Union filed an Answer on April 8, 2013, indicating Defendant maintained an account at the Credit Union having a balance of $2,125.51 – an amount sufficient to satisfy the Judgment in full. Since April 8, 2013, Defendant has contacted various staff members in the office of Plaintiff's counsel repeatedly, using obscenities and making outright misrepresentations with respect to this matter. Dissatisfied with Plaintiff's refusal to release the Writ of Garnishment, Defendant contacted the office of the United States Attorney, a component of the Department of Justice, demanding the release of the Writ of Garnishment in exchange for a settlement payment of less than 50% of the balance owed. He then contacted the office of Plaintiff's counsel and represented that the office of the United States Attorney had agreed to this settlement – an outright lie. In reality, the office of the United States Attorney had advised Defendant that its counsel was acting in accordance with its directives, and that Defendant must deal directly with its counsel.

(Docket Entry No. 29, at 2–3.)

   Cockrum filed a reply on April 18, 2013, and again on April 19, 2013, raising the same arguments in his Objection to Garnishment and requesting that the hearing be held in Flint, Michigan. (Docket Entry Nos. 33–34.)

   This Court held a hearing on May 13, 2013. Cockrum did not attend that hearing. Thereafter, this Court, after considering the parties' briefs, entered an order requiring the garnishee to pay the sum of $2,125.51. (Docket Entry No. 35.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that this Court may relieve Cockrum from

the final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

## ANALYSIS

As grounds for relief, Cockrum contends that: (1) he did not receive notice of the hearing, and (2) the Government and this Court may have colluded to deprive him of a hearing.[1] (Docket Entry No. 36.)   Cockrum request that this matter be transferred to Flint, Michigan. (*Id.*)

The Notice of Objection to Garnishment Hearing was mailed to Cockrum at his last known address at 2051 E. Bristol Road, Burton, MI 48529 on April 17, 2013, by ordinary mail and/or electronic mail, well in advance of the May 13, 2013, hearing. (Docket Entry No. 32.) The docket does not reflect that the Notice of Hearing was returned. Cockrum advances no evidence suggesting that the notice did not reach its destination in the usual manner. Likewise, Cockrum has offered no facts or evidence to support his assertion that this Court and the Government somehow colluded to deprive him of a hearing.

---

[1]To the extent that Cockrum is advancing a motion for reconsideration, this Court holds that, for the reasons mentioned in the Analysis section of this opinion and order, Cockrum has not demonstrated a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled or shown that correcting the defect will result in a different disposition of the case. *See* Eastern District of Michigan, Local Rule 7.1(h)(3).

5

Finally, with regard to Cockrum's request that this matter be transferred to Flint, Michigan, the Writ of Continuing Garnishment states as follows:

> **If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding be transferred by the court to the Federal judicial district in which you reside.** You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court at Theodore Levin Courthouse, 231 W. Lafayette, 5th Floor, Detroit, Michigan 48226. You must also send a copy of your request to Holzman Corkery, PLLC, at 28366 Franklin Road, Southfield, Michigan 48034.

(Docket Entry No. 31, at 6.) There is no indication in the docket that Cockrum followed the instructions listed in the block quote above. In addition, Flint is located in the judicial district of the Eastern District of Michigan.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Cockrum's Motion to Set Aside Judgment [Docket Entry No. 36] is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 28, 2013                    S/ Sean F. Cox_____
                                        Sean F. Cox
                                        U. S. District Court Judge

I hereby certify that on June 28, 2013, the foregoing document was served upon counsel of record by electronic means and upon Billy Cockrum by First Class Mail at the address below:

Billy J. Cockrum Jr
2051 E. Bristol Road
Burton, MI 48529

Dated: June 28, 2013                    S/ J. McCoy_____
                                        Case Manager

6